please the court uh the last time i argued before this court was 1986 and there was a judge Arnold on that panel at that time also and uh i suspect that he might remark that uh since i am still at it and the other judge Arnold is still at it but the good die young i hope he doesn't think that but uh i mentioned that and i hope the court will forgive the personal illusion but uh it was an honor to appear before uh the this court in 1986 and uh i have uh resumed the arena and uh among other things that have changed uh in my view is uh the sea change brought about by Ashcroft versus Iqbal and Twombly and i think they the change in the approach to 1983 complaints uh is uh significant in the context of this case i represent Kimberly Gardner the elected circuit attorney of the city of St. Louis. I'm glad you began with that observation about Iqbal and Twombly because i think we i guess we're on common ground that that uh denial of a motion to dismiss for failure to state a claim is not immediately appealable right normally that's correct but because we raised the issue of absolute and qualified immunity uh we took advantage of the collateral order rule uh to bring this before the court so in a way that's this this uh qualified immunity defense has has in fact done the equivalent of obliterating the jurisdictional barrier that would otherwise prohibit the consideration of uh of whether the complaint states a claim right i i certainly want would want to be thought to be disagreeing with you judge but i i think and i confess to me is what i'm saying well i i think that uh obviously there is a distinction between 12b6 and the issue of immunity and yet they they shade into one another inevitably because the facts pleaded in in this case uh in certainly in our view uh disclose an insurmountable obstacle to the plaintiff's success i guess you're referring to the fact that you your your argument that the complaint doesn't really identify how your client is connected with these events is that correct i think that in substance that's correct the complaint alleges and i don't think there's any dispute the the defendant was charged he stood trial there was a an acquittal on one count and a hung jury on the other count some weeks later uh the circuit attorney elected to nolly cross the case and that is where the plaintiff and uh we differ in in our view uh the circuit attorney's decision to nolly cross filed a nolly cross and to serve it is part and parcel of the prosecutorial function and we think that the plaintiff is attempting to add on to the prosecutorial function and administrative duty of the prosecutor to do more than to file and serve a no process or a dismissal the plaintiff is positing a duty on the prosecutor to take a further step to ensure that the defendant would be released and yet on face of the complaint the plaintiff also alleges that once the defense counsel uh learned of the now price and approached the my other client the corrections department and the sheriff uh she was told that there was a hold on the defendant but now now you're speaking to whether to to the extent of the uh of of your client's duty isn't that that's a legal question right correct but i was thinking that you started talking about you're complaining about the complaint not making any connection between your client and the alleged violation assuming there wasn't a violation well i'm perhaps different notions or not uh i think in substance they're the same i i think albeit perhaps by a more circuitous route i was going to get back to the personal involvement issue okay uh but i felt uh i would start with the absolute immunity issue because i think uh the fifth circuit case that we cite in the brief brooks v george uh was a similar situation where an ali was filed and uh the claim was that it was not properly served and the fifth circuit said that there was uh absolute immunity but we think even if you uh choose to believe that there is some administrative function of a prosecutor in this context we think qualified immunity comes into back back on your fifth circuit case the that case it seems to me makes it uh is arose in the context where it's much easier to make the argument that what uh that the failure was failure involved something that was intimately connected with the prosecutorial function and with the litigation namely a failure to serve a paper which was required which should have been served under the rules here we have a much broader kind of uh assertion about duty that's correct and i'm not sure your fifth circuit case quite fits your situation well i don't may not be a duty but well i i i think that it's more analogous in the plaintiff's cases which involved affirmative steps by the prosecutor to keep a defendant in custody uh and not only a defendant but a material witness whose custody had been procured for purposes of the prosecutor uh so i think that implicates certainly the uh the qualified immunity argument which is as we all know the the the desert the desideratum is that the right has to be clearly established the adverse is that the the violation has to be something that's so obvious that any reasonable official would know that uh his or her conduct violates the constitution so what's what's your view of the last prosecutorial action i think the last prosecutorial action was the filing of the uh nolly process and serving it on defense counsel so the what's the normal error if it's in this record and allegations um the normal process of what happens after that no process communicated uh what happens that effectuates the release of a detainee well i think that the complaint since we're here on the complaint you know i know the answer to that from my former life but the the face of the complaint indicates that the now process should be communicated to the sheriff who then communicates to the department of the city department of corrections and so the district court eastern district of missouri cases that the plaintiff relies on the first one was judge fleisig in the pain case which mr gross also handled uh but judge fleisig held that the circuit clerk who normally would be the one who would notify everybody of the nolly process is immune and it seemed to me that from the face of the complaint the duty to notify is certainly in the first instance the the court has to be notified by the prosecutor but then the the court the circuit clerk should be notifying the sheriff who is the arm of the court who has the statutory duty under missouri law to bring prisoners before the court and to return them to custody and the the sheriff is the one who normally would notify corrections that there is no further need to hold the defendant but i i have to emphasize that on the face of the complaint the plaintiff alleges that there was a he was told at least that there was a hold from another jurisdiction on the defendant and i think that that is to go back to judge arnold's point establishes the lack of personal involvement by the circuit attorney in the i beg your pardon no showing of cause on the part of your right on the face of the complaint i mean the the circuit attorney took no further action the plaintiff attempts to uh glom together all of the potential actors and say the defendants in the plural knew that the defendant was being held illegally but he does not allege anything plausible and this is this is i think the the key aspect of this complaint is it plausible that the circuit attorney had some involvement in the continued detention when on the face of the complaint there's an allegation of a hold and that that originated outside the circuit attorney unlike the cases that the plaintiff cites the circuit attorney had nothing to do with that hold the circuit attorney is not alleged to have instigated it the circuit attorney is not even alleged to have known of it and so i i would submit that for a variety of reasons uh if we go beyond prosecutorial immunity and if we go beyond qualified immunity uh we get to the the fact that there is simply no personal involvement by the circuit attorney in the continued detention how how how does this case compare to the second and third circuit cases that seem to say there is an element of of administrative responsibility here that isn't prosecutorial in nature well the the one case if i remember correctly i think it was schneider that there were affirmative steps taken by the prosecutor to continue the detention and in the other case there was a as i mentioned a material witness whose uh custody had been procured by the from the court to the prosecutor to keep the court informed as to when this detainee's uh confinement was no longer necessary and the the record reflected that the prosecutor knew about that and knew that there was no further need for the detention of the material witness and yet failed to notify the court so i i think there's a significant distinction between the in those cases and the conduct that's alleged here and i think you have to bear in mind also the duty of the circuit attorney to act or not act as a function of state law and the circuit attorney has no statutory responsibility for the confinement of prisoners uh for the for uh determining when prisoners are supposed to be released the circuit attorney filed a now process and left it to the system to work and obviously there was a delay then there was an eight-day delay which is going to be a problem that i'm going to have to deal with in defending my other clients but i think it's clear that this case should be reversed on immunity or lack of personal involvement may i ask you before you run out of time about your your dual immunity defenses is is there any hierarchy at work here where we would have to decide the absolute immunity question before we decided uh the qualified immunity question or could we in other words suppose we were to decide just hypothetically that you were entitled to qualified immunity wouldn't that just be the end of the case my my understanding is that the court can choose whichever uh aspect of your you're not claiming there's some sort of a hierarchy that has to be followed no your honor you'll be just as happy either way well we'll certainly be just as happy but i think that the court could i mean i mean legally satisfied uh but but i think the court would be quite proper to uh reverse solely on the basis that the personal involvement is not there and you don't even need to address the immunity which is really part of the qualified immunity proposition well it is there has to be an act that violates the constitution yes your honor so if i could reserve the last two point well one one additional question uh the other district court cases i guess in missouri that have gone against you how why were those courts in error or how are those cases distinguished well i i think that they are in error for the uh the situation was fundamentally there are there are distinctions but i think if you look at the opinions you will see that judge baker and later judge white uh in dickerson fundamentally uh i hate to use the word parrot but uh they closely resemble judge fleissig's opinion and i think judge fleissig paradoxically you know she said that the clerk had this you know this duty to notify but because that's a quasi judicial function the clerk was immune and yet the prosecutorial immunity stems from this same notion of quasi judicial functions and i think the prosecutor's duty to procure the release of someone whose case has been dismissed is likewise quasi judicial or non-existent the duty is to notify and that duty is the quasi to corrections absent a lot more than it's alleged here save my 40 seconds if i may mr gross um may it please the court i my name is allad gross i represent mr lewis he was locked in a st louis city jail beyond the time when he was supposed to be released this court pardon me oh excuse me this court should affirm the trial court's decision which has now been uh really three trial court's decisions saying that absolute immunity does not apply in this case to defendant qualified immunity does not apply in this case i do want to address um judge arnold uh your your questions about gardner uh defendant gardner's involvement in this case uh the complaint and obviously we're at a motion to dismiss right now uh we haven't gone to the summary judgment uh phase of this case yet uh but on the the complaint itself there are multiple uh allegations against defendant gardner in particular uh specifically that gardner was responsible for the continued holding of lewis on criminal charges that she had the authority to dismiss those charges and in fact did exercise that authority that she knew or should have known that innocent people were being held in jail even after their charges had been dismissed now is this a case that's a part of a bunch of cases that are alleging the same thing well it started out as one your honor um and i was volunteering on that case um and discovered that it was part of a pattern or practice um so i think what has been ignored so far in this discussion is that this is part of a pattern or practice claim this isn't just about one incident here it's about a system as a whole that has been failing um that in opposing counsel mentioned that she left it to the system um that was that was his words you can't leave it to a system when you know it doesn't work when you have a deeper responsibility to it when you have a responsibility as a prosecutor there are multiple cases it's a long-standing tenet of the american justice system uh that prosecutors have a dual role um this one uh in colorado which was citing uh u.s supreme court case singer versus united states that the prosecutor in a criminal prosecution is not an ordinary party to a controversy but is a servant of the law with a two-fold aim that guilt shall not escape or innocence suffer well well even if there's a duty to make sure that a nolipros gets communicated to a custodian your complaint doesn't your complaint seems to say that that's not what happened in this case that is that your client was confined not because this nolipros wasn't communicated but because the jailer rightly or wrongly thought there was a hole from jefferson county on your client isn't that right no that i agree that part of those facts are in the complaint i don't know i mean how does this work for your client right so your honor i agree that that is uh a pretext for why this occurred i do not agree that that was the cause of why this person was kept mr lewis was kept in retext on whose part on the part of uh defendants in this case in general but this particular defendant yes your honor your honor i believe that this defendant and all the other defendants who have involved in these cases are in this particular not these case not the global difficulty which may maybe your case may be meritorious i don't know but in this particular instance yes your honor in this particular instance uh mr lewis is a victim of a pattern or practice he is a victim of a system that is broken and that the defendant knew was broken so you know the way i guess i is is those kinds of uh suggestion boxes where you can put your suggestion in but underneath there's a trash can you know that the bottom of it is is is open uh that's that's the situation that we have here well pattern of practice is something generally brought up against a municipality as opposed to a proper individual prosecutor where you have specific conduct that can be examined for its its motives its purposes etc and um here it seems the prosecutor did what was initially required and there was an intervening event of the hold why why does that not in this case well so i agree your honor that uh pattern or practice claims often do include municipalities as it does here the city of st louis is a defendant along with the other actors in the city who were involved in this but a pattern or practice is not required to just be or a claim is not required to just be against the city it can also be against the actors in that city and that's why she is included here as well these folks were on notice that this was a problem in the city of st louis that obviously evidence has been going forward without the participation of the defendant currently but there has been a long-standing practice of this happening in the city without folks doing anything about it and like i said the prosecutor does have a duty to ensure that folks who not only that folks are prosecuted but that innocent folks are released from confinement and that that's a long-standing finding and in through uh the history of the united states um and then all of these cases as well um the third circuit the second circuit the fourth circuit the sixth circuit um i mean we haven't had a case here in the eighth circuit yet um other than the three lower court rulings but they have all agreed that absolute immunity should not apply here the question isn't whether uh somebody did something wrong it's not about whether the action itself was wrong absolute immunity would apply even if on purpose she was doing something wrong it's about the action itself so here uh the question is whether she was uh involved in an advocacy function or whether she was involved in an administrative one um and there's no question uh well at least according to the third circuit the second circuit the fourth circuit the sixth circuit um and i haven't seen any other circuits disagree that the prosecutor has an administrative duty to ensure the release of folks now it could be that there might be a mistake and i'm sure that's what defendants are going to be arguing on this case and on each of them as they come up but the pattern or practice demonstrates this isn't a mistake what happens when the advocate the advocate function and the administrative functions intertwine yeah and then that's i agree your honor that is a uh usually the biggest debate in all of these cases at what point does advocacy begin or end and what point does administration begin or end um and so it's a it's an excellent question uh i do know based on at least these cases that i've cited that it is an administrative function to ensure the release of folks from that's part of the prosecute prosecutorial duty um the advocacy function stops at the point where it's no longer trying to prosecute a case the case is over it's done the last thing to do is to make sure that someone is released i mean in this case opposing counsel mentioned that uh the last action you asked about the last action your honor uh what was the last action from the prosecutor in this case and the answer was to serve on defense counsel well it wasn't served on defense counsel it's it's a part is that is that the prosecutor's responsibility in or is it the clerk's responsibility to let let uh parties know what the court has decided that's a great question i think depending on who you ask uh folks are going to tell different stories about that um and that's why at this motion to dismiss stage it's not appropriate for us to end this case or end the defendant's involvement um that you have to identify the duty though correct your honor and i believe i'm sorry sorry go ahead oh and like i said uh the eighth circuit does not have a precedent on point on this matter but the other circuits do indicate there is a distinct duty on the prosecutor to ensure statutory duty right that you know of uh in in missouri yes no there is there is case law in missouri and i cited it in the brief there's a missouri supreme court uh case that cited um that states that the prosecutor does have this responsibility too but not not a statutory one that i i know of so that would be from case law in the state of missouri so i included that duty as a duty to do what to it's it's to ensure that the innocent aren't being held in jail i mean i have that duty you know but in a context this is too global it seems um how would this do i would how is this prosecutor supposed to police this is she supposed to go around all the jails and make sure that there's no one in there that's shouldn't that shouldn't be i just well i mean in general i'm sorry yeah in general your honor i do believe there is a duty on behalf of at least a city to do that or at least some of the officers there but on her specifically yeah on her specifically um if you have the knowledge that there's a problem then you have the responsibility to act now if she doesn't have the knowledge that would be a factual question then you'd be correct uh but that would be more appropriate for summary judgment certainly not for a motion to dismiss for a motion to dismiss the question is what is the action and does it is it uh does it fall within any of the immunities um and when looking at the different the absolute immunity here uh there are three steps um one is to determine is there a common law tradition of extending absolute immunity to this situation there is not one uh would denying immunity uh subject the defendant to the chilling influence of vexatious lawsuits well i would argue no uh because this shouldn't happen this is i don't think anybody thinks that people who are innocent should be held in jail and we have constitutional amendments saying that they shouldn't be so that's a no and then finally are there adequate checks on prosecutorial abuse other than individual lawsuits and by the virtue of me being in this room uh there isn't this is it so this is the only way to hold folks accountable who choose not to use the knowledge that they have not to not to fix the system that they know is broken to just continue on as if nothing's happening um that's the problem and obviously a lot of this comes up as a factual issue but that's this is appropriate for summary judgment not for a motion to dismiss um and so that's um as the reason why this court should affirm the lower court's opinions um and find uh in comportment with the other eastern district court of uh district court rulings as well but again uh all of these cases um and there's another one the eastern district of new york that cites a number of these two um that's quartaro versus katterson 917 f sup 919 at 957 that cites cases from multiple districts and appellate courts throughout the country as well so for those reasons absolute immunity does not apply to this case because it's not applying to the action here it's an administrative function qualified immunity also doesn't apply because there was a violation of the civil rights of mr lewis and that is alleged in the complaint and uh the facts are taken uh in the light most favorable to him right the right needs to be described not not generally but in the context of the facts there are other facts that are alleged in the complaint and in that in that context uh it is alleged that that the the prosecutor did nolly pross the case and presumably that's reflected in the court files right correct so why is that a violation of of this general right you've shifted from duty to right by which is okay but now that you're in the qualified immunity uh land right you know that the the right can't be can't be described at such an abstract level of generality it has to be there has to be has to be clearly established in the context i agree with i agree your honor it does have to be clearly established with the context and without the context having a prosecutor file a nolly um would seem like she fulfilled her duty and everything's fine the problem is the context in this case is different it demonstrates that when you file a nolly or the prosecutor does it doesn't get where it's supposed to go or people are held in jail for too long and the context here is a prosecutor who knows that the system isn't working but continues to to ensure that innocent folks are released as an administrative duty why isn't the judge included in this what's that why isn't the judge included in this is are the judges included in the suit uh no they they are not your honor there were uh multiple other defendants who were included but some of them were dismissed uh prior to this um including the the clerk of the court um but we're here with these defendants at this point so uh currently the judges are not included but the i guess at the end if there's an appeal then they could be but yeah they are what was the basis of the clerk's dismissal uh the clerk's dismissal was uh based on i believe uh opposing counsel mentioned this on this quasi judicial role they had because the act that they had in transmitting this information um or stamping it or whatever it was was considered part of that of that role um and i haven't i mean i haven't uh seen any case law similar to this for the clerk uh the prosecutor is treated differently at least in these cases um than a clerk but it is possible down the line that maybe the clerk has to be included again i'm not sure but at this point the clerk is dismissed from the case for those reasons so the the rulings and in these cases at the at the uh circuits throughout the united states specifically apply to the prosecutor i haven't seen any that include the the clerk and we didn't take an appeal on that issue so um good question though your honor um but uh these are like i said these are the reasons why um this court should affirm lower court's decision um and deny this motion to dismiss because the immunities do not apply to this case um and uh that's all i've got thank you thank you mr gross appreciate it thank you for your time mr durker i think we pretty much ate up your time but we'll give you a minute to 38 seconds we'll give you the full minute i thank the court i i think counsel's argument illustrates why iqbal uh is applicable here the whole point is to cut these kinds of suits off when somebody is immune uh so that the circuit attorney doesn't have to go through the whole process of discovery and potentially trial but i i think counsel's arguments fly in the face of both iqbal and al kidd which involved immunity and involved allegations that john ashcroft knew x y and z about detention of terrorists none of the cases that the plaintiff relies on posit an affirmative duty of a prosecutor to procure the release of a defendant when the case is dismissed and unless that has been clearly established there cannot be any liability on the part of the prosecutor and that is not clearly established and in this alleged custom and practice you know i think that the erizo v good comments about there is no magic number of prior constitutional violations that is an automatic establishment of municipal liability and i think the hennepin county case from this court says the a series of for example jail suicides that does not in and of itself establish a customer practice and believe me uh if i can assure the court the city of st louis has no interest in keeping anybody locked up longer than it has to because it costs too much and uh and i don't mean to be facetious that is a constant within the city administration that there is no desire to keep people locked up but there are as the plaintiffs have found there are situations where it does happen and the question is the causation and it is certainly not caused by the circuit attorney so i submit that this case should be reversed and message should be sent to with all due respect to my friends on the eastern district of missouri that the prosecutor is immune in this context thank you thank you also mr gross we appreciate uh your argument to us this morning helping us with some difficult issues and for the briefing that's been uh submitted to the court we will take your case under advisement and make a decision in due course thank you thank you